UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Jason Woodrow,

                                                    Plaintiff,


          -v.-                                                              1:08-CV-0053
                                                                            (NPM/RFT)

Village of Ballston Spa Police
Department, Village of Ballston Spa,
and Patricia Alfieri,


                                                    Defendants.

---

APPEARANCES:                              OF COUNSEL:


The LaFave Law Firm, PLLC                 Chad A. Jerome
Attorneys for Plaintiffs
822 Delaware Avenue
Delmar, NY 12054


Office of M. Randolph Belkin              M. Randolph Belkin
Attorneys for defendants Village of
  Ballston Spa Police Department and
  Village of Ballston Spa
26 Century Hill Drive
Suite 202
Latham, NY 12110


Carter, Conboy, Case, Blackmore,
 Maloney & Laird, P.C.                    Luke C. Davignon
Attorneys for defendant Patricia Alfieri
20 Corporate Woods Boulevard
Albany, NY 12211-2362



Neal P. McCurn, Senior District Judge

### *MEMORANDUM, DECISION AND ORDER*

## I.  Introduction

Plaintiff Jason Woodrow ("Woodrow" or "Plaintiff") brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants, Village of Ballston Spa Police Department ("the Police Department"), Village of Ballston Spa ("the Village"), and officer Patricia Alfieri ("Alfieri"), violated rights guaranteed him by the Fourth and Fourteenth Amendments to the Unites States Constitution.  Plaintiff alleges an additional corresponding state common law tort claim.  Presently before the court is a motion by defendants Police Department and Village (collectively, "Moving Defendants") to dismiss the entire complaint for failure to state claims against them upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Plaintiff opposes, and Moving Defendants do not reply.  A determination on the motion has been made on the papers submitted and no oral argument was heard.

## II.  Factual Background

The court will, as it must, accept the following allegations of fact in the complaint as true, drawing all reasonable inferences in Plaintiff's favor.  See McCloud v. Cutler, No. 06-CV-5443, 2008 WL 906701, at *2 (E.D.N.Y. Apr. 3, 2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. ----, ----, 127 S.Ct. 1955, 1965 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1, 122 S.Ct. 992 (2002)); Koppel v. 4987 Corp., 167 F.3d 125, 130 (2d Cir.1999)).

The events underlying this action took place at a Dunkin Donuts establishment

---

[1] It is important to note that there is no motion to dismiss by defendant Alfieri presently before the court.  Accordingly, by this Memorandum, Decision and Order, the court does not comment on the viability of the claims against Alfieri, as the court is called upon , at this juncture, to address the viability of Plaintiff's claims solely as set forth against the Village and the Police Department.

in Saratoga Springs, New York on January 28, 2007[2] at approximately 11:15 in the evening.  Compl. ¶ 11.  At that time, Plaintiff "was using his cell phone while standing in line when defendant . . . Alfieri accused [P]laintiff of taking a photograph of her and thereafter forcefully took [P]laintiff's cell phone away from him and proceeded to look through all photographs on . . . [P]laintiff's cell phone and then forcefully threw [P]laintiff's cell phone at him."  Id. ¶ 13.  Alfieri was dressed in her Village of Ballston Spa Police Department uniform, and arrived at the establishment in a Village of Ballston Spa Police Department vehicle.  Id. ¶ 14.  Alfieri never asked permission to view the photographs on Plaintiff's cell phone, and Plaintiff did not consent to the taking of his cell phone or the viewing of the photographs.  Id. ¶ 15.  Further, Alfieri never warned Plaintiff that she was going to take his cell phone or that she was going to view the photographs stored therein.  Id. ¶ 16.

Based upon the foregoing allegations, Plaintiff purports to set forth four causes of action.  First, Plaintiff alleges, as a predicate for a claim pursuant to 42 U.S.C. § 1983, that defendant Alfieri violated his right to be free from unreasonable searches and seizures of his person and property under the Fourth and Fourteenth amendments to the United States Constitution.  Id. ¶¶ 17-19.  Plaintiff further alleges he is entitled to an award of punitive damages on this claim.  Id. ¶ 20.  Plaintiff's third cause of action is a corresponding state common law "assault and battery" claim, for which he seeks compensatory damages in the amount of one million dollars.  Id. ¶¶ 30-36.  Because the first and third causes of action are clearly set forth solely against defendant Alfieri, they will not be discussed in detail here.

Plaintiff alleges, under Counts II and IV of his complaint, as predicates to a

---

[2] In his memorandum of law in opposition to the present motion, Plaintiff represents the date of the underlying events to be *September* 28, 2007 instead of January 28, 2007, as is alleged in the Complaint.  The court assumes this is an error on Plaintiff's part, and, as it must, accepts the allegation as it appears in the Complaint as true.  See Pl.'s Mem. of Law at 4, Dkt. No. 14.

section 1983 claim, that Moving Defendants violated his Fourth and Fourteenth Amendment right to be free from unreasonable searches and seizures of his person and property.  Specifically, under Count II, Plaintiff alleges Moving Defendants are liable because they failed to train Alfieri and because they knew the acts underlying this action were likely to occur but approved of same, either directly or indirectly.  Id. ¶¶ 23-27.  Under Count IV, Plaintiff alleges Moving Defendants are liable because said failure to train or establish policies to prevent the underlying acts amounted to deliberate indifference to Plaintiff's constitutional right to be free from unreasonable searches and seizures of his person and property.  Id. ¶¶ 37-48.  While Plaintiff seeks compensatory damages in the amount of one million dollars on his fourth claim, id. ¶ 48, he is seeking punitive damages against the Moving Defendants on his second claim, id. ¶ 29.

### III.  Discussion

As previously mentioned, when deciding a Rule 12(b)(6) motion to dismiss, the court must accept the allegations of fact in the complaint as true, drawing all reasonable inferences in plaintiff's favor.  See supra, at 2.  A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the complaint includes "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp., 550 U.S. ___, 127 S.Ct. 1955, 1974 (2007).[3]  The Court of Appeals for the Second Circuit has recently interpreted the foregoing language to require that lower courts apply "a flexible 'plausibility standard,' which obliges a pleader to amplify a

---

[3] By its opinion in Bell Atlantic, the Supreme Court recently abrogated the often-cited language of Conley v. Gibson "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  127 S.Ct. 1955, 1968 (2007) (quoting Conley, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)).  In so doing, the Court found that Conley "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival."  Id., at 1969.

claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*[,]" but does not require a heightened pleading standard for civil rights claims. Iqbal v. Hasty, 490.3d 143, 157-58 (2d Cir. 2007) (emphasis in original).

Initially, the court dismisses all claims against the Police Department. As the Moving Defendants argue and the Plaintiff agrees, because the Police Department is an administrative arm of the Village, which is a municipality, the Police Department "cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." Leland v. Moran, 100 F.Supp.2d 140, 145 (N.D.N.Y. 2000) (internal quotation omitted). See also Clayton v. City of Kingston, 44 F.Supp.2d 177, 183 (N.D.N.Y. 1999). Moreover, the claim for punitive damages alleged against the Village, the now remaining moving defendant, is also dismissed. As the Village argues, and Plaintiff agrees, "[the Supreme] Court has ruled that § 1983 plaintiffs may not recover punitive damages against a municipality[.]" Jefferson v. City of Tarrant, Ala., 522 U.S. 75, 118 S.Ct. 481, 482 (1997) (citing Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748 (1981)).

With respect to the claim as it remains against the Village, alleged in Counts II and IV of Plaintiff's complaint, it is well settled that in order to state a claim pursuant to 42 U.S.C. § 1983 , a plaintiff must allege "(1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color of state ... law." Velez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005) (quoting Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980) (internal quotations omitted)). "Section 1983 is not itself a source of substantive rights[,] but merely provides a method for vindicating federal rights elsewhere conferred[.]" Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004) (quoting Baker v. McCollan, 443

U.S. 137, 144 n.3, 99 S.Ct. 2689 (1979)).

A municipal entity, such as the Village here, may not liable pursuant to § 1983 under the theory of *respondeat superior*, but may be liable where its employee acted pursuant to an official policy, custom, or practice of said entity.  See Monell v. Dep't of Soc. Serv. of the City of New York, 436 U.S. 658, 694-95, 98 S.Ct. 2018, 2037-38 (1978); Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990). Such a policy, custom or practice may "be inferred where the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction." Patterson, 375 F.3d at 226 (quoting Kern v. City of Rochester, 93 F.3d 38, 44 (2d Cir. 1996)) (internal quotation marks omitted).

The Village argues, citing the aforementioned "within its jurisdiction" language, that because the location where the underlying alleged acts occurred is outside the Village's jurisdiction, the claims against it must be dismissed .  See Defs.' Mem. of Law in Supp. of Mot. to Dismiss, at 4, Dkt. No. 8. ("[T]he complaint fails to allege, as required to state a claim, that an official Village policy existed with respect to the deprivation of[] 'the constitutional rights of those within its jurisdiction[.]'" (citing Legette-Edwards v. City of Syracuse, No. 06-CV-892, 2007 WL 2891774, at *2 (N.D.N.Y. Sept. 28, 2007) (quoting Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991)))).  Of course, the cited language ultimately comes from City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197 (1989), wherein the Supreme Court held that "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons *with whom the police come into contact*." Id. at 388, 109 S.Ct. at 1204 (emphasis added).  Accordingly, the Village's argument that a municipality may only be liable on a § 1983 claim where the underlying act or event took place within its jurisdiction has no basis in law and therefore need not be addressed further.

Finally, the Village briefly argues that even the most liberal reading of Plaintiff's complaint does not lend itself to any inference that a custom or official Village policy existed within the Police Department to authorize the underlying alleged acts, and therefore, the Village is not liable on either claim against it under Monell.  See Defs.' Mem. of Law at 4-5, Dkt. No. 8. Plaintiff counters that the allegations in his complaint satisfy the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and that to dismiss his claim at this stage would permit the Village to have a "complete shield to liability" as Plaintiff has not yet had an opportunity to obtain any discovery in order to prove his Monell claim.

It is true, as Plaintiff argues, that no heightened pleading standard exists for § 1983 claims.  Moreover, the Supreme Court has held that no heightened pleading standard should be applied to § 1983 actions alleging claims for municipal liability under Monell.  See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993).  The Court in Leatherman reiterated, in accordance with Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957) that under Rule 8, all that is required is "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Leatherman, 507 U.S. at 168, 113 S.Ct. at 1163 (quoting Conley, 355 U.S. at 47, 78 S.Ct. at 103) (internal quotations omitted).[4]  The Second Circuit has evolved from its requirement that "a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights[,]" Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987), to the post Leatherman conclusion that "the court may not go beyond FRCP 8(a)(2) to require the plaintiff to supplement his

---

[4] Abrogated on other grounds by Bell Atlantic v. Twombly, — U.S. —, 127 S.Ct. 1955 (2007).  To be sure, the Court in Bell Atlantic, while rejecting Conley's "no set of facts" language, nonetheless favorably cited the "fair notice" language cited here.  See 127 S.Ct. at 1964.

pleadings with additional facts that support his allegation of knowledge either directly or by inference.  Whether the plaintiff can produce evidence to create a genuine issue with regard to his allegation is to be resolved through a motion for summary judgment[,]" Phelps v. Kapnolas, 308 F.3d 180, 186-87 (2d Cir. 2002).  In Phelps, on an Eighth Amendment claim against prison officials for deliberate indifference, the court found that the mere allegation of an official's knowledge of a substantial risk to the plaintiff's safety was enough to set forth the subjective element of said claim.  See id. at 186.  It is clear from the language of that opinion that a plaintiff need not plead facts to support allegations of constitutional violations beyond what is required by Rule 8.  See id.  See also Hernandez v. Goord, 312 F.Supp.2d 537, 544-45 (S.D.N.Y. 2004).  Regarding Monell claims in particular, "[t]he pleading requirement for a § 1983 claim against a municipality will be met if a plaintiff alleges that 'a formal policy which is officially endorsed by the municipality' caused the plaintiff's injuries."  Perez v. Westchester County Dep't of Corrs., No. 05-Civ.-8120, 2007 WL 1288579, at *5 (S.D.N.Y. Apr. 30, 2007) (quoting Moray v. City of Yonkers, 924 F.Supp. 8, 12 (S.D.N.Y. 1996) (citing Monell, 436 U.S. at 690))).  Even where allegations in the complaint of the existence of an official policy are not buttressed by supporting facts, dismissal is not warranted as long as the defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests[,]" Nesbitt v. County of Nassau, No. 05-CV-5513, 2006 WL 3511377, at *4 (E.D.N.Y. Dec. 6, 2006) (quoting Conley, 355 U.S. at 474, 78 S.Ct. 99).  "It is up to the 'liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.'" Id. (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992 (2002) and citing Leatherman, 507 U.S. at 168-69).  See also Conley, 355 U.S. at 47-48, 78 S.Ct. at 103 ("Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other

pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.").

Here, Plaintiff alleges that Alfieri acted pursuant to an official policy, practice or custom of the Police Department and Village.  Compl. ¶ 22.  Plaintiff also alleges that the Village and Police Department are responsible to train their employees and agents "that the unwarranted physical touching or contact of a citizen of the public ... is a deprivation of that citizen's ... civil and constitutional rights."  Id. ¶ 40.  In addition, according to Plaintiff, the Police Department and Village failed to train Alfieri "in the correct procedure for approaching citizens as a police officer where no criminal activity has occurred, and/or where there is no probabl[e] cause to suspect that any criminal activity has occurred."  Id. ¶ 24.  Plaintiff contends that the Village and Police Department either failed to establish such policies and procedures for instruction of its employees, or alternatively, established policies and procedures but failed to implement or enforce them.  Id. ¶¶ 42-43.  Plaintiff further alleges that the Village and Police Department "have instituted a custom and practice of allowing its employees and/or agents to deprive members of the general public, more specifically, [Plaintiff], of his civil and constitutional rights."  Id. ¶ 44.  Not only does Plaintiff meet the requirement to plead that a policy formally endorsed by the Village caused his injuries, he also clearly puts the Village on notice of his Monell claim, and the grounds upon which it rests, thereby complying with Rule 8.  Accordingly, the Village's motion to dismiss Plaintiff's Monell claim against it is denied.

## IV.    Conclusion

In accordance with the foregoing analysis, it is hereby ORDERED that all claims against defendant Village of Ballston Spa Police Department are DISMISSED; and it is further

ORDERED that defendant Village of Ballston Spa's motion to dismiss plaintiff's claim for punitive damages against it is GRANTED; and it is further

ORDERED that defendant Village of Ballston Spa's motion to dismiss Plaintiff's <u>Monell</u> claim against it in all other respects is DENIED.


IT IS SO ORDERED.

DATED:     April 18, 2008
               Syracuse, New York


_____
Neal P. McCurn
Senior  U.S. District Judge